UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:20-cv-01847-JLS-DFM                              Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 22)**

Before the Court is Plaintiff Kenneth Davidson's Motion for Default Judgment ("Motion").  (Mot., Doc. 22.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for December 3, 2021, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court DENIES Plaintiff's Motion.

## I.   BACKGROUND

Plaintiff Kenneth Davidson is a California resident, and he "requires the use of a wheelchair at all times when traveling in public."  (Compl. ¶ 1, Doc. 1.)  On two separate occasions, Plaintiff visited the Station Liquor (the "Business")—"a liquor store business establishment" "located at or about 16471 McFadden Ave., Tustin, California."  (*Id.* ¶¶ 2, 10-11.)  Plaintiff alleges that "[w]hile attempting to enter the Business during each visit, [he] personally encountered a number of barriers."  (*Id.* ¶ 12.)  Specifically, Plaintiff alleges that "Defendant failed to maintain [a] parking space designated for persons with disabilities" by:  (1) not providing "access aisles with level surface slopes," (2) not providing "a proper ramp for the persons with disabilities," and (3) not "paint[ing] the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01847-JLS-DFM                              Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

ground as required." (*Id.* ¶ 13(a)-(c).)  Plaintiff alleges that Defendants Station Liquor and Hani Abdelhady, "are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for STATION LIQUOR ('Business') located at or about 16471 McFadden Ave., Tustin, California." (Compl. ¶ 2, Doc. 1.)

Accordingly, on September 24, 2020, Plaintiff brought suit in this Court against Defendants alleging violations of (1) the Americans with Disabilities Act ("ADA"), (2) the Unruh Civil Rights Act, (3) the California Disabled Persons Act, (4) California Health and Safety Code § 19955, and (5) negligence. (*Id.* ¶¶ 18-50.)   21-day summons were issued regarding the Complaint on September 24, 2020 (Doc. 7.)  Plaintiff voluntarily dismissed Defendant Station Liquor before it issued a response. (Doc. 15.)  Defendant Hani Abdelhady, on the other hand, failed to file an answer, enter an appearance, or otherwise respond to the Complaint.

The Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims after issuing an order to show cause and considering Plaintiff's response. (Docs. 10, 11, 20.)

Following Plaintiff's request for entry of default, the Clerk entered default against Plaintiff. (Docs. 14, 16.)  As a result, the factual allegations of the Complaint, save for those concerning damages, are deemed to have been admitted. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6).  Plaintiff now seeks an order granting injunctive relief pursuant to the ADA and $3,427.00 in attorney fees and costs. (Mot. at 2, Doc. 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01847-JLS-DFM            Date: November 29, 2021
Title: Kenneth Davidson v. Station Liquor, Inc. et al

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default *judgment* must be preceded by an entry of default. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *See Geddes*, 559 F.2d at 560; *see also* Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01847-JLS-DFM          Date: November 29, 2021
Title: Kenneth Davidson v. Station Liquor, Inc. et al

establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).

### III. <u>DISCUSSION</u>

#### A. Local Rule 55-1

Plaintiff's Motion substantially complies with Local Rule 55-1. Plaintiff accompanied this Motion with a sworn declaration stating that the Defendant is not an infant or incompetent person, or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940, and that notice of this Application has been served on Defendants. (Declaration of Jason J. Kim ("Kim Decl.") ¶¶ 3, 5, Doc. 22-2.) Although Kim's declaration fails to identify when and against what party the default was entered, that information is readily located on the docket—default was entered as to Hani Abdelhady on January 6, 2021 (Doc. 16)—and so the Court will review the merits of the Motion.

#### B. *Eitel* Factors

The Court has considered Plaintiff's Motion, and although Plaintiff has made a sufficient showing on some factors, the Court is not satisfied with the sufficiency of the complaint and the merits of Plaintiff's substantive claims. Accordingly, the Court will address only its concerns with these factors in denying Plaintiff's Motion.

Two of the *Eitel* factors direct the Court to consider Plaintiff's likelihood of success on the merits. Plaintiffs seeking default judgments must "state a claim on which the[y] [] may recover." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01847-JLS-DFM                                                         Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

(C.D. Cal. 2002) (citation omitted).  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trustees of Sheet Metal Workers v. Moak*, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4 (citation omitted).

Here, Plaintiff seeks default judgment on his ADA claim.  To prevail on an ADA claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

The Court has concerns with the sufficiency of the complaint and the merits of Plaintiff's claims as to: (1) whether the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (2) whether the removal of any architectural barrier in this case is readily achievable.  The Court will address each in turn.

Although Plaintiff's allegation that the Business is a liquor store may be sufficient to illustrate that the business constitutes a place of public accommodation, *see*, *e.g.*, 42

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01847-JLS-DFM                                            Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

U.S.C. 12181(7)(E), Plaintiff has not carried his burden to adequately allege that Abdelhady "owns, leases, or operates that place of public accommodation." *Molski*, 481 F.3d at 730.  In his Complaint, Plaintiff supplies only the conclusory allegation that "Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for STATION LIQUOR ('Business') located at or about 16471 McFadden Ave., Tustin, California."  (Compl. ¶ 2, Doc. 1.)  While a person or entity falling into one of these categories (owner, operator, lessor/lessee) may be liable for ADA accessibility violations, failing to identify the specific category in which Abdelhady falls reinforces the conclusory nature of the pleading.

   Even if the Court could look past the deficiencies of the Complaint's allegations, Plaintiff's Motion provides no evidence to support that Abdelhady does in fact own, lease, or operate the produce market.  Plaintiff's attorney, Jason Kim, merely states in his declaration that

> We conducted a public records search in order to ascertain the owners and operators of the facility that is the subject of this litigation.  Based on this search and the records located, our office determined, to the best of our knowledge, that Defendant HANI ABDELHADY owns the real property located at or about 16471 McFadden Ave., Tustin, California, that is the subject of this lawsuit on the date complained of by Plaintiff.

(Kim Decl. ¶ 4, Doc. 22-2.)  This statement provides no information as to what types of records Plaintiff's attorneys searched for or found, or how those documents support an allegation that Abdelhady owns the real property where the Business is located.  And it provides no reason why Plaintiff could not supply those records to the Court.  Although facts alleged in the complaint not relating to damages are deemed to be true upon default, a defendant is "not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Cathcart*, 2010 WL 1048829, at *4 (citation omitted).  Plaintiff has done

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01847-JLS-DFM                      Date: November 29, 2021
Title: Kenneth Davidson v. Station Liquor, Inc. et al

nothing more than supply conclusory statements averring that Abdelhady owns the property that is the subject of this litigation. The Court, in its discretion, will not grant a motion for default judgment against a defendant in the absence of well-pleaded facts illustrating that the defendant is, in fact, connected to the property at issue.

      Second, Plaintiff has not sufficiently alleged facts to show that the removal of any barriers in this case is readily achievable. "The ADA defines 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Soto v. Doublz of El Monte, Inc.*, 2021 WL 4733761, at *1 (C.D. Cal. Aug. 23, 2021) (quoting 42 U.S.C. § 12181(9)). "Thus, to prevail on [an] ADA claim, [a] plaintiff must also establish that: (1) defendant failed to alter the subject barrier when doing so was readily achievable; or (2) if the alterations are not readily achievable, defendant could have made the subject facilities available to plaintiff through alternative methods without much difficulty or expense." *Id.*

      The Ninth Circuit recently adopted a burden-shifting framework to determine "who bears the burden of proving that removal of an architectural barrier is readily achievable." *Id.* Under this burden-shifting analysis, plaintiffs bear the initial burden "of *plausibly showing* that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020). Under this framework, "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." *Id.* at 1038.[1]

---

[1] The ADA requires courts to consider four enumerated factors when determining whether an action is readily achievable, including: (1) "the nature and cost of the action needed"; (2) "the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such an action upon the operation of the facility"; (3) the "overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities"; and (4) the "type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01847-JLS-DFM                              Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

And while a plaintiff need not provide "precise cost estimates and a specific design regarding their proposed accommodation," a plaintiff must "plausibly show how the cost of removing the architectural barrier does not exceed the benefits under the circumstances."  *Soto*, 2021 WL 4733761, at *1.

Here, Plaintiff's allegations are insufficient to meet his initial burden to show that the cost of removing the alleged barriers does not exceed the benefits of such removal.  For instance, Plaintiff's conclusory allegations that Abdelhady has "control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expense," (Compl. ¶ 17, Doc. 1), fail to address how the costs of removal do not exceed the benefits under the particular circumstances.  Nor does Plaintiff's Motion plausibly show that the requested accommodations are readily achievable.  Instead, Plaintiff contends only that "[w]hether or not the removal of these barriers is 'readily achievable' is an affirmative defense that is waived unless raised."  (Mem. at 4, Doc. 22-1.)  Thus, it appears that Plaintiff's Complaint allegations and Motion are deficient because Plaintiff misapprehended the elements of his claim.[2]

Accordingly, the Complaint fails to state a claim for relief, and the Court denies Plaintiff's Motion.  *See Soto*, 2021 WL 4733761, at *1 (denying motion for default judgment on grounds that plaintiff's failure to carry initial burden with respect to whether requested accommodations were readily achievable); *Whitaker v. Franklin Plaza LLC*, 2021 WL 3163308, at *4 (C.D. Cal. Apr. 29, 2021) (denying plaintiff's application for

---

operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity."  *Id.* at 1038.

[2]  The *Lopez* decision was published September 9, 2020.  *See Lopez*, 974 F.3d 1030.  Plaintiff filed the present action on September 24, 2020 and the present Motion on June 28, 2021.  Accordingly, there is no justification for Plaintiff's failure to address this framework.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01847-JLS-DFM                                                    Date: November 29, 2021
Title:  Kenneth Davidson v. Station Liquor, Inc. et al

default judgment on grounds that plaintiff's conclusory statements were insufficient to satisfy his burden of plausibly showing that the cost of removing an architectural barrier does not outweigh the benefits); *Garcia v. Atlantic Repetto LLC*, 2021 4776002, at *6 (C.D. Cal. Apr. 29, 2021) (same); *Garcia v. Kim*, 2021 WL 4776707, at *6 (C.D. Cal. Apr. 13, 2021) (same).

**IV.    CONCLUSION**

      For the foregoing reasons, Plaintiff's Motion for Default Judgment is DENIED, as is Plaintiff's request for attorney fees, and this action is DISMISSED.

      Initials of Deputy Clerk: mku